**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BONNIE BROWN and
JAMES BROWN,**

          Plaintiffs,

**vs.**                          **CASE NO. _____**

**OCWEN LOAN SERVICING, LLC,**

          Defendant.
_____/

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. Plaintiffs, Bonnie and James Brown, a married couple, have been besieged with automated telephone calls from Defendant who is attempting to collect a debt allegedly owed by Mrs. Brown. Defendant has persisted with the relentless call campaign despite Plaintiffs' repeated requests for Defendant to stop calling them.

2. Automated telephone calls are the #1 consumer complaint in America today, with more than 1.9 million complaints filed to the Federal Trade Commission in the first five months of 2017 alone.[1]

3. To protect consumers from the nuisance, invasion of privacy, cost, and inconvenience of autodialed calls and pre-recorded or artificial voice message calls

---

[1] *FTC Escalates the Fight against Illegal Robocalls Using Consumer Complaints to Aid Industry Call-Blocking Solutions*, FEDERAL TRADE COMMISSION (Aug. 1, 2017), https://www.ftc.gov/news-events/press-releases/2017/08/ftc-escalates-fight-against-illegal-robocalls-using-consumer.

("robocalls"), Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which forbids making non-emergency calls using an automatic telephone dialing system or an artificial or prerecorded voice message to a cellular telephone without the prior express consent of the called party.

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

5. Plaintiffs allege that Defendant's relentless call campaign violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).   See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

## PARTIES

7. Plaintiff, Bonnie Brown formerly known as Bonnie McKenna ("Mrs. Brown") is a natural person and citizen of the State of Florida, residing in Hernando County in the Middle District of Florida.

8. Plaintiff, James Brown ("Mr. Brown") is a natural person and citizen of the State of Florida, residing in Hernando County in the Middle District of Florida.

9. Defendant, Ocwen Loan Servicing, LLC is a foreign company organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in West Palm Beach, Florida.

10. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Defendant regularly collects or attempts to collect debts for other parties.

12. Defendant is licensed in Florida as a "consumer collection agency."

13. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

14. Defendant began servicing Mrs. Brown's account after it was allegedly in default.

15. Defendant was acting as a debt collector with respect to the collection of Mrs. Brown's alleged debt.

16. Defendant is a "person" as that term is defined by Fla. Stat. § 1.01(3).

17. The FCCPA applies to any "person" collecting or attempting to collect a consumer debt. E.g., Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906 (Fla. 2d

DCA 2014); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

**FACTUAL ALLEGATIONS**

18. At all times herein, Defendant alleged that it was servicing a loan allegedly owed by Mrs. Brown, herein referred to as "the account."

19. The account is associated with an alleged debt, herein referred to as "the alleged debt."

20. The alleged debt arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, namely: monies allegedly owed by Mrs. Brown associated with her primary residence.

21. Mr. Brown is not a co-signor or otherwise an obligor of the alleged debt.

22. Within the 4 years preceding this Complaint, Defendant, or another party acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiffs' cellular telephone number.

23. Plaintiffs' cellular telephone number is 352-███-5620. Herein referred to as "the cellular telephone number."

24. Plaintiffs never consented to receive calls placed with an automated telephone dialing system or a pre-recorded or artificial voice to the cellular telephone number from Defendant.

25. Prior to approximately March 2016, Mrs. Brown was the regular, customary user and carrier of the cellular telephone number.

26. On or about March 2016, Mr. Brown became the regular, customary user and carrier of the cellular telephone number.

27. Mrs. Brown is now the regular, customary user and carrier of a different cellular telephone number.

28. On or about April 2016, Plaintiffs expressly revoked any express consent Defendant may have mistakenly believed it had to place automated telephone calls to the cellular telephone number.

29. On or about April 2016, Mrs. Brown told Defendant to stop calling the cellular telephone number.

30. Defendant continued to place daily, repeated telephone calls to the cellular telephone number in an attempt to collect the alleged debt.

31. Mr. Brown told Defendant that the cellular telephone number was no longer being used by Mrs. Brown and told Defendant to quit calling his cellular telephone number.

32. Defendant continued to place daily, repeated telephone calls to the cellular telephone number in an attempt to collect the alleged debt despite knowing that the number no longer belonged to Mrs. Brown.

33. Between on or about April 2016 to August 2016, Mr. Brown told Defendant on multiple occasions to stop calling the cellular telephone number.

34. On or about July 2016, Mr. Brown asked Defendant's representative why they were still calling despite Plaintiffs' repeated requests for the calls to stop and the representative said the calls were automated and placed by a computer not a representative.

35. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling the cellular telephone number several times in one day, and on back to back days, with such frequency as can reasonably be expected to harass after being told by Plaintiffs to stop calling.

36. For example, Defendant called the cellular telephone number on or about the following dates and times:

June 12, 2016 at 10:56 AM, 11:10 AM, 3:08 PM, 3:58 PM, and 8:20 PM

June 13, 2016 at 11:52 AM, 3:57 PM, 4:37 PM, and 6:59 PM

June 14, 2016 at 8:48 AM, 11:49 AM, 11:49 AM, and 2:59 PM

37. On numerous occasions, Defendant placed up to five (5) robocalls per day to the cellular telephone number.

38. After Plaintiffs first asked Defendant to stop calling on or about April 2016, Defendant placed at least 123 telephone calls to the cellular telephone number.

39. The telephone calls were so numerous that Plaintiffs were unable to keep track of every call; however, Defendant's records will show the total number of calls it placed.

40. Defendant placed each of the telephone calls to the cellular telephone number using an automatic telephone dialing system or a pre-recorded or artificial voice.

41. The following characteristics of Defendant's telephone calls indicate that Defendant utilized an automated telephone dialing system to place the calls at issue: (a) on several occasions, Plaintiffs answered the telephone calls to speak with the caller but had to say "hello" several times before hearing a click and a representative finally coming on the line; (b) the frequency of the calls; and (c) the calls were placed at approximately the same time and in the same pattern each day.

42. As a result of Defendant's unlawful, abusive, and intrusive conduct Plaintiffs suffered physical and emotional injury, including emotional distress.

43. As a result of Defendant's relentless telephone call campaign, Defendant caused Plaintiffs actual harm, not only because Plaintiffs were subjected to the aggravation that necessarily accompanies these calls, but also because the calls used the cellular telephone numbers allotted cellular minutes, diminished the cellular battery life, and wasted the phone's data storage capacity.

44. Defendant has numerous other lawsuits pending against it alleging violations similar to those stated in this Complaint.

45. Defendant knows it is not permitted to place telephone calls to cellular telephones using an automatic telephone dialing system or a pre-recorded or artificial voice without the prior express consent of the called party.

46. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

47. Defendant's continued placement of daily, repeated telephone calls to Plaintiffs even after Plaintiffs' repeated requested that Defendant stop calling them

reflects conduct which could reasonably be expected to abuse or harass the Plaintiffs, and reflect efforts to willfully collect the alleged debt by harassment, coercion or annoyance, and to exhaust the will of Plaintiffs.

48. Defendant willfully and knowingly violated the FDCPA and the FCCPA.

49. Defendant's continued use of an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiffs' cellular telephone in an attempt to collect the alleged debt even after Plaintiffs repeatedly requested that Defendant stop calling reflects that Defendant's conduct was knowing and willful.

50. Defendant willfully or knowingly violated the TCPA.

<u>**COUNT I**</u>
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d**

51. Plaintiffs incorporate Paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

53. Plaintiffs incorporate Paragraphs 1 through 50 above as if fully set forth herein.

54. Defendant caused Plaintiffs' telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C § 1692d(5).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

　　a. Damages;

　　b. Attorney's fees, litigation expenses and costs of suit; and

　　c. Such other or further relief as the Court deems proper.

## COUNT III
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

55. Plaintiffs incorporate Paragraphs 1 through 50 above as if fully set forth herein.

56. Defendant communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

57. Plaintiffs incorporate Paragraphs 1 through 50 above as if fully set forth herein.

58. Defendant placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiffs using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

                */s/ James S. Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*

[   ]Richard K. Peck, Esq.
Fla. Bar No. 47105
Elkin-Peck, PLLC
12515 Spring Hill Dr.
Spring Hill, FL 34609
352-835-7977
Attorneys for Plaintiff
service@elkinpeck.com
litigation@elkinpeck.com
*Counsel for Plaintiff*